RECEIVED
IN LAKE CHARLES, LA.

MAR -5 2014

TONY R. MOORE, CLERK
BY_____PAT_____
                DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RAINBOW GUN CLUB, INC., ET AL. | * | CIVIL ACTION NO. 2:13-CV-590 |
| Plaintiffs | * | |
| V. | * | JUDGE MINALDI |
| DENBURY RESOURCES, INC., ET AL. | * | |
| Defendants | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is the Appeal of Magistrate Judge's Memorandum Order on Motion to Remand [Doc. 36], filed by Denbury Onshore, L.L.C., individually and as successor by merger with Denbury Resources, Inc., and Specter Exploration, Inc. (defendants), to which the plaintiffs have filed an Opposition [Doc. 38] and the defendants have filed a Reply [Doc. 39]. For the reasons set forth by the Magistrate Judge in the Memorandum Order [Doc. 34] of August 15, 2013, and for the following reasons, the defendants' Appeal be and hereby is **DENIED**, and this matter is hereby **REMANDED** to the Thirty-Eighth Judicial District Court for the Parish of Cameron, State of Louisiana.

## FACTS & PROCEDURAL HISTORY

The plaintiffs, who number well over one hundred, filed suit against the defendants in the Thirty-Eighth Judicial District Court for the Parish of Cameron on February 19, 2013.[1] The plaintiffs allege that they, as lessors and royalty owners of certain mineral leases in Cameron Parish, are owed money damages from the defendant-lessees for the defendants' "imprudent operation of the Rainbow Gun Club No. 1 Well (the Well)."[2] Put briefly, the plaintiffs allege

---

[1] Not. of Removal [Doc. 1], at ¶ 1.
[2] *Id.* at ¶ 4. *See also* Memo. Order [Doc. 34], at 1-3.

1

that the defendants were negligent in their drilling of the Well in allowing extraneous water to pour into the gas reservoir, thereby ruining the well's productive capabilities.[3]

On March 22, 2013, the defendants removed this case to federal court, asserting that it qualified as a "mass action," pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453.[4] The plaintiffs filed a Motion to Remand [Doc. 18] on April 16, 2013.[5] On August 15, 2013, the Magistrate Judge granted the plaintiffs' Motion to Remand, holding that the plaintiffs had sufficiently demonstrated "that the 'local single event' exception to mass action jurisdiction applies to the instant case."[6] The defendants filed the instant appeal shortly thereafter.

## LAW & ANALYSIS

Magistrate Judges are empowered to pass judgment on nondispositive pretrial motions. *See* 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge has broad discretion in this regard. *See Credeur v. York Claim Serv.*, No. 13-1367, 2013 U.S. Dist. LEXIS 158588, at *8 (W.D. La. Nov. 4, 2013) (citations omitted). The United States Code, as well as the Federal Rules of Civil Procedure, provide a litigant dissatisfied with such a ruling to appeal to the District Judge, "who may reconsider the ruling and reverse it 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Kingham v. Target Corp.*, No. 2:12-cv-685, 2013 U.S. Dist. LEXIS 28664, at *4 (W.D. La. Mar. 1, 2013) (*citing* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. PRO. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). "A finding is clearly erroneous when a reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Guthrie v. Plains Res., Inc.*, No. 2:12-cv-1904, 2013 U.S. Dist. LEXIS

---

[3] Pet. [Doc. 1-1], at ¶¶ 6-10, 14-15.
[4] Not. of Removal [Doc. 1], at ¶ 3. *See also* Memo. Order [Doc. 34], at 2.
[5] *See also* Memo. in Opp. [Doc. 23]; Memo. in Opp. [Doc. 24]; Reply [Doc. 28].
[6] Memo. Order [Doc. 34], at 11.

16294, at *8 (W.D. La. Feb. 5, 2013) (*citing United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (additional citation omitted)).

CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which" minimal diversity exists between the plaintiffs and the defendants. 28 U.S.C. § 1332(d)(2). A "mass action" refers to "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(i). A "mass action" shall be considered a "class action" where the aforementioned requirements—minimal diversity and aggregate plaintiffs' claim in excess of $5,000,000.00—are met. *Hamilton v. Burlington N. & Santa Fe Ry.*, No. A-08-CA-129-SS, 2008 U.S. Dist. LEXIS 123536, at *24-25 (W.D. Tx. Aug. 8, 2008) (*citing* 28 U.S.C. § 1332(d)(2), (6)). "Minimal diversity is satisfied when one plaintiff is diverse from one defendant." *Armstead v. Multi-Chem Group, L.L.C.*, No. 6:11-cv-2136, 2012 U.S. Dist. LEXIS 71543, at *21 (W.D. La. May 21, 2012) (citation omitted).

There are, however, exceptions to this grant of jurisdiction. When seeking remand under such an exception, "[t]he parties moving for remand bear the burden of proof that they fall within an exception to CAFA jurisdiction." *Williams v. Homeland Ins. Co.*, 657 F.3d 287, 290 (5th Cir. 2011) (*citing Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 796 (5th Cir. 2007)). One such exception, what has been referred to in this litigation as the "local single event" exception, has been the focus of much of the dispute herein.

3

The statute provides that "the term 'mass action' shall not include any civil action in which all of the claims in the action *arise from an event or occurrence* in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State." 28 U.S.C. § 1332(d)(11)(B)(ii)(I) (emphasis added).

> The plaintiffs' petition alleged that
>
> the defendants' imprudent operations included, but are not limited to:
>
> a. Their failure to heed recognized methods of operating that reduce or eliminate the likelihood of getting drill pipe stuck;
> b. Their failure to isolate the reservoir from adjacent water sands by properly cementing the stuck drill pipe in the original Rainbow Gun Club Well No. 1 before the sidetrack well was drilled, which resulted in extraneous salt water invasion from the original abandoned hole into the hydrocarbon producing zone of the side track and premature flooding that caused permanent damage to that reservoir;
> c. Their failure to properly cement the casings/liners in the side track well, which also allowed salt water from an extraneous source to invade the hydrocarbon producing zone and premature flooding that caused permanent damage to that reservoir;
> d. Their failure to take adequate precautions in drilling the original hole (including their failure to heed increased differential pressures); and
> e. Their failure to take proper steps to correct the defective cement jobs with block squeezes or other known remedial measures, and other failures that ignored prevailing industry standards and methods for drilling and operating gas wells.[7]

The defendants, relying on this language, argue that these are "several, distinct, and disparate events" that should preclude the application of the local single event exception.[8] However, the defendants cite no case law on point in support of this argument. While the defendant is correct in asserting that "[f]or the exception of the statute to have any real meaning, there must be a limit,"[9] it seems to the court that that limit may as often as not be supplied by the liberal application of common sense. As every occurrence is invariably divisible into increasingly tiny

---

[7] Pet. [Doc. 1-1], at ¶ 19.
[8] Memo. in Supp. of Appeal [Doc. 36-1], at 5-6.
[9] *Id.* at 6.

units of time, the only way that the statute's application avoids descent into the absurd is to acknowledge that "the ordinary meaning of the words 'event' and 'occurrence' is not always limited to something that happened at a particular moment in time. Indeed, 'event' and 'occurrence' admit of temporal flexibility." *Abraham v. St. Croix Renaissance Grp., L.L.L.P.*, 719 F.3d 270, 280 (3d Cir. 2013). Under the circumstances, the court cannot find that the holding of the Magistrate Judge was either clearly erroneous or contrary to law, and the court adopts the Memorandum Order [Doc. 34] of the Magistrate Judge, as augmented herein. Accordingly,

**IT IS ORDERED** that the defendants' Appeal of Magistrate Judge's Memorandum Order on Motion to Remand [Doc. 36] be and hereby is **DENIED**.

Lake Charles, Louisiana, this 5 day of March, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE