RECEIVED
IN LAKE CHARLES, LA.
MAR 17 2014
TONY R. MOORE, CLERK
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RAINBOW GUN CLUB, INC., ET AL. | * | CIVIL ACTION NO. 2:13-CV-590 |
| Plaintiffs | * | |
| V. | * | JUDGE MINALDI |
| DENBURY RESOURCES, INC., ET AL. | * | |
| Defendants | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the Motion to Stay Pending Appeal [Doc. 45], filed by Denbury Onshore, L.L.C., individually and as successor by merger with Denbury Resources, Inc., and Specter Exploration, Inc. (collectively, defendants), seeking a stay of the court's March 5, 2014, Order [Doc. 43] remanding the case to the 38th Judicial District Court for the Parish of Cameron. For the following reasons, the Motion be and hereby is **DENIED**.

The Notice of Removal in this case was filed by the defendants on March 22, 2013, seeking to invoke the court's jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453.[1] On August 15, 2013, the Magistrate Judge granted the plaintiffs' Motion to Remand, finding that the "local single event" exception to mass action jurisdiction under CAFA required remand to state court.[2] On March 5, 2014, the District Judge denied the defendants' appeal of the Magistrate Judge's decision on the same grounds.[3] The defendants now seek a stay of the remand order as they appeal the order to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1453(c)(1).[4]

---

[1] Not. of Removal [Doc. 1], at ¶ 3.
[2] *See generally* Memo. Order [Doc. 34]. *See also* 28 U.S.C. § 1332(d)(11)(B)(ii)(I).
[3] *See generally* Memo. Ruling [Doc. 42].
[4] Memo. in Supp. [Doc. 45-1], at 1.

28 U.S.C. § 1453(c)(1) states that, notwithstanding the general prohibition on appeals of remand orders found in 28 U.S.C. § 1447(d), an appellate court "may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order." "This altered rule was intended to facilitate the development of a 'body of appellate law interpreting [CAFA] without unduly delaying the litigation of class actions.'" *Alvarez v. Midland Credit Mgmt.*, 585 F.3d 890, 894 (5th Cir. 2009) (*citing Saab v. Home Depot U.S.A., Inc.*, 469 F.3d 758, 759 (9th Cir. 2006)). The defendants have indicated their intent to file an appeal with the United States Court of Appeals for the Fifth Circuit within ten (10) days of the filing of the instant Motion.[5]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts evaluating a party's request for a stay consider

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Voting for Am., Inc. v. Andrade*, 488 Fed. Appx. 890, 893 (5th Cir. 2012) (citations omitted).

The court notes that the defendants' seeking of a stay in this court, strictly speaking, seems to be unnecessary insofar as their eligibility to seek review of the remand order with the Fifth Circuit will be unaffected by whether or not a stay is sought. For instance, the United States Court of Appeals for the Second Circuit has noted that "in granting the federal courts of appeals jurisdiction to review remand orders 'notwithstanding section 1447(d),' Congress did not

---

[5] Memo. in Supp. [Doc. 45-1], at 1.

require a defendant to seek a stay." *Estate of Pew v. Cardarelli*, 527 F.3d 25, 28 (2d Cir. 2008). Nevertheless, the defendants argue that a stay would avoid wasting the resources of the parties and the courts.[6]

Under the circumstances, the court is not of the opinion that the defendants have made a "strong showing" that they are likely to succeed on the merits. Furthermore, given the expedited appellate process for CAFA cases set forth in 28 U.S.C. § 1453(c)(3), the court is unpersuaded by the defendants' arguments that denying their stay request will result in irreparable injury in the form of wasted time, effort and expense litigating in state court. Granting the stay, on the other hand, will only serve to perpetuate the litigation of a jurisdictional issue that has already been ongoing for nearly one year. Accordingly,

**IT IS ORDERED** that the defendants' Motion to Stay Pending Appeal [Doc. 45] be and hereby is **DENIED**.

Lake Charles, Louisiana, this 12 day of March, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] *Id.*